1

2

3

4                     UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF WASHINGTON

6    KRYSTAL K. HOVATER,            )
                                    ) No. CV-08-00319-JPH
7             Plaintiff,            )
                                    ) ORDER GRANTING PLAINTIFF'S
8    v.                             ) MOTION FOR SUMMARY JUDGMENT
                                    ) AND REMANDING FOR FURTHER
9    MICHAEL J. ASTRUE, Commissioner ) ADMINISTRATIVE PROCEEDINGS
     of Social Security,            )
10                                  )
              Defendant.            )
11                                  )
                                    )
12                                  )

13

14        BEFORE THE COURT are cross-motions for summary judgment noted

15   for hearing without oral argument on May 29, 2009.  (Ct. Rec. 12,

16   15).  Attorney Lora Lee Stover represents Plaintiff; Special

17   Assistant United States Attorney David J. Burdett represents the

18   Commissioner of Social Security ("Commissioner").  The parties

19   have consented to proceed before a magistrate judge. (Ct. Rec. 6.)

20   After reviewing the administrative record and the briefs filed by

21   the parties, the court **GRANTS** Plaintiff's Motion for Summary

22   Judgment (Ct. Rec. 12) and remands for further administrative

23   proceedings.  Defendant's Motion for Summary Judgment (Ct. Rec.

24   15) is **DENIED**.

25                            **JURISDICTION**

26        Plaintiff protectively filed applications for disability

27   insurance benefits (DIB) and for supplemental security income

28
     ORDER GRANTING PLAINTIFF'S MOTION
     FOR SUMMARY JUDGMENT AND REMANDING
     FOR FURTHER PROCEEDINGS                              - 1 -

1  (SSI) benefits on April 29, 2005.  Plaintiff has alleged suffering

2  from fibromyalgia, Raynaud's syndrome, chronic fatigue, PTSD,

3  depression, and anxiety. (Tr. 51-52, 55, 79-83, 115-116, 126,

4  130.)  Both applications allege onset as of February 14, 2001.

5  (Tr. 79-83.)  The applications were denied initially and on

6  reconsideration. (Tr. 51-52, 55-58.)

7      At a hearing before Administrative Law Judge (ALJ) Richard A.

8  Say on June 5, 2007, plaintiff, represented by counsel, vocation

9  expert Sharon Welter, and psychologist W. Scott Mabee, Ph.D.,

10  testified.  (Tr. 523-552.)  On July 26, 2007, the ALJ issued an

11  unfavorable decision.  (Tr. 27-40.)  The Appeals Council denied

12  review on September 9, 2008. (Tr. 7-9.)  Therefore, the ALJ's

13  decision became the final decision of the Commissioner, which is

14  appealable to the district court pursuant to 42 U.S.C. § 405(g).

15  Plaintiff filed this action for judicial review pursuant to 42

16  U.S.C. § 405(g) on October  15, 2008. (Ct. Rec. 1, 4.)

17                    **STATEMENT OF FACTS**

18      The facts have been presented in the administrative hearing

19  transcripts, the ALJ's decision, the briefs of both Plaintiff and

20  the Commissioner, and are summarized here.

21      Plaintiff was 29 years old at the time of the hearing.  (Tr.

22  531.)  She lives alone with her daughter, age eight, and her son,

23  who is four months old.  (Tr. 532.)  She has a high school

24  education and became a certified nurse's assistant in 2001.  (Tr.

25  121-122.)  Plaintiff has past relevant work as a telephone

26  solicitor, fast food worker, housekeeper, day care worker, and

27  cashier.  (Tr. 117, 533.)  Plaintiff lost her job as of February

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                        - 2 -

14, 2001.  She was seeing to her primary care physician repeatedly
due to an inability to move her arms.  (Tr. 532-533.)  Plaintiff
testified that fibromyalgia prevents her from working.  (Tr. 533.)
She "catches pretty much anything that's out there" if she goes
out in public.  Chronic pain prevents walking sometimes, and her
anxiety at times is as bad as the pain.  (Tr. 533-534.)  Plaintiff
and her daughter cook and do laundry.  Plaintiff drives, shops,
cares for her infant son, cleans with rest breaks, and reads. (Tr.
534-535.)  She drinks once every two weeks and smokes marijuana
once or twice a week. (Tr. 537.)  Plaintiff can sit for 45
minutes, stand for 30 minutes before needing to change position,
and walk for 15 to 20 minutes.  (Tr. 536.)  Her hands shake and
she has problems grasping.  (Tr. 537.) Plaintiff sees a
psychiatrist once every two or three months.  (Tr. 538.)  She has
a migraine headache once a week lasting two days.  (Tr. 540.)
Medication side effects include nausea and drowziness.  (Tr. 539-
540.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"
as the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
Act also provides that a Plaintiff shall be determined to be under
a disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,

1  considering plaintiff's age, education and work experiences,

2  engage in any other substantial gainful work which exists in the

3  national economy.   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

4  Thus, the definition of disability consists of both medical and

5  vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

6  (9th Cir. 2001).

7      The Commissioner has established a five-step sequential

8  evaluation process for determining whether a person is disabled.

9  20 C.F.R. §§ 404.1520, 416.920.   Step one determines if the person

10 is engaged in substantial gainful activities.   If so, benefits are

11 denied.   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).   If

12 not, the decision maker proceeds to step two, which determines

13 whether plaintiff has a medically severe impairment or combination

14 of impairments.   20 C.F.R. §§ 404.1520(a)(4)(ii),

15 416.920(a)(4)(ii).

16      If plaintiff does not have a severe impairment or combination

17 of impairments, the disability claim is denied.   If the impairment

18 is severe, the evaluation proceeds to the third step, which

19 compares plaintiff's impairment with a number of listed

20 impairments acknowledged by the Commissioner to be so severe as to

21 preclude substantial gainful activity.   20 C.F.R. §§

22 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

23 App. 1.   If the impairment meets or equals one of the listed

24 impairments, plaintiff is conclusively presumed to be disabled.

25 If the impairment is not one conclusively presumed to be

26 disabling, the evaluation proceeds to the fourth step, which

27 determines whether the impairment prevents plaintiff from

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                              - 4 -

1  performing work which was performed in the past.  If a plaintiff

2  is able to perform previous work, that Plaintiff is deemed not

3  disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

4  At this step, plaintiff's residual functional capacity ("RFC")

5  assessment is considered.  If plaintiff cannot perform this work,

6  the fifth and final step in the process determines whether

7  plaintiff is able to perform other work in the national economy in

8  view of plaintiff's residual functional capacity, age, education

9  and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

10 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

11      The initial burden of proof rests upon plaintiff to establish

12 a *prima facie* case of entitlement to disability benefits.

13 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

14 *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

15 met once plaintiff establishes that a physical or mental

16 impairment prevents the performance of previous work.  The burden

17 then shifts, at step five, to the Commissioner to show that (1)

18 plaintiff can perform other substantial gainful activity and (2) a

19 "significant number of jobs exist in the national economy" which

20 plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

21 Cir. 1984).

**STANDARD OF REVIEW**

23     Congress has provided a limited scope of judicial review of a

24 Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

25 the Commissioner's decision, made through an ALJ, when the

26 determination is not based on legal error and is supported by

27 substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                          - 5 -

(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                    - 6 -

decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB
requirements through December 31, 2006. (Tr. 29.) [The ALJ noted
plaintiff previously applied for benefits and was denied in 2002.
He declined reopening the previous denial determination.  Tr. 27.]
The ALJ found at step one that, although she has worked
sporadically since onset, plaintiff has not engaged in substantial
gainful activity. (Tr. 29-30.)  At steps two and three, the ALJ
found that plaintiff suffers from depression, anxiety, migraine
headaches, and chronic pain, impairments that are severe but which
do not alone or in combination meet or medically equal a Listing
impairment.  (Tr. 30, 36.)  The ALJ found plaintiff less than
completely credible.  (Tr. 38.)  Prior to step four, the ALJ found
plaintiff's RFC enables her to perform a range of light work. (Tr.
37.)  Relying on the VE, the ALJ found that a person with this RFC
could perform plaintiff's past relevant work as a telephone
solicitor, fast food worker, housekeeper/cleaner, nursery school
attendant/daycare worker, and cashier.  (Tr. 39-40.)  Because the
ALJ's step four finding that plaintiff could perform her past
relevant work was determinative, the ALJ was not required to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                           - 7 -

proceed to step five.  The ALJ found plaintiff is not disabled as defined by the Social Security Act. (Tr. 40.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to (1) properly weigh the medical evidence, specifically the opinions of treating Drs. Jon Stevenson, M.D. (rheumatologist), and Paul Srei, M.D.,; (2) include fibromyalgia as a severe impairment; (3) properly assess plaintiff's credibility, and (4) adopt or reject the moderate limitation with respect to pace assessed by Dr. Mabee. (Ct. Rec. 13 at 10-15.) The Commissioner responds that the ALJ appropriately weighed the evidence and asks the Court to affirm his decision.  (Ct. Rec. 16 at 12).  The last issue is dispositive.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight

because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly credit Dr. Mabee's assessed moderate limitation with respect to pace. The

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                               - 9 -

Commissioner does not respond to this argument.

The ALJ's RFC in his written decision and in his verbal hypothetical to the VE do not include the moderate limitation with respect to pace.  The ALJ does not discuss why this limitation is adopted or rejected.  It is significant in this case, because as plaintiff points out, the VE testified that *no work* is available to a person with a moderate pace limitation.  (Tr. 548-549.)

To the extent the ALJ rejects the contradicted opinions of some of the professionals, the reasons must be legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ discusses the opinion of examining psychologist James Bailey, Ph.D., and arguably this opinion is the reason the ALJ failed to specifically adopt or reject Dr. Mabee's assessed moderate limitation, but the record is unclear.  As noted, this is a limitation which, according to the VE, if adopted precludes all competitive employment.  The ALJ's failure to provide any reason for failing to adopt or reject this limitation is not harmless error.  The Commissioner does not address the argument.  A remand for further administrative proceedings is required.

On remand, the following should be determined: whether fibromyalgia is a severe impairment; a new RFC; an examination of plaintiff's DAA and its effects, if any, on her diagnoses; and new determinations at steps four and five if necessary.

The court expresses no opinion as to what the ultimate

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                          - 10 -

outcome on remand will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate. See *Sample v. Schweiker*, 694 F. 2d 636, 642 (9th Cir. 1282) ("Questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is not free of legal error and supported by substantial evidence..

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.** The matter is remanded to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 1st day of June, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                              - 11 -